UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MADISON HARPER,

    Plaintiff,

v.

STONE MOUNTAIN MANUFACTURING LLC, et al.,

    Defendants.

Case No. 24-cv-2288-DDC-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Quash Subpoena (Doc. 33) filed by non-party Missouri Division of Employment Security ("DES") on March 28, 2025. DES moves to quash items one and two requested in the subpoena (Doc. 30-1), namely Defendants' Quarterly Contribution and Wage Reports for 2022 and 2023. DES argues the records sought by the subpoena are privileged under state and federal law, and the subpoena must be quashed. Plaintiff filed her response to the Motion to Quash (Doc. 34), arguing the Court has the authority to compel production of the requested documents. For the reasons stated herein, the Court denies DES's Motion to Quash and orders production of the requested documents.

### I.    Relevant Background

In her Complaint (Doc. 1), Plaintiff names both Stone Mountain Manufacturing LLC ("Stone Mountain") and Apex Masonry Construction LLC ("Apex Masonry") as Defendants. Plaintiff alleges she was jointly employed by both Defendants, working under the owner of both companies, Ali Bagher ("Bagher"), from July 2023 to on or around October 23, 2023. Plaintiff alleges while she was employed by Defendants, she was asked to perform sexual favors for Bagher, and when she refused, she faced increased harassment. Plaintiff brings the action pursuant to

1

federal law, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging Sex/Gender Discrimination (Hostile Work Environment), Sex/Gender Discrimination (Quid Pro Quo), and Retaliation. Defendants deny the allegations. Most relevant here, Defendants deny they employed Plaintiff as joint employers, and contend they do not meet the fifteen (15) employee threshold under Title VII.[1]

Items 1 and 2 of the subject Subpoena (Doc. 30-1) request that the Division of Employment Security of the Missouri Department of Labor and Industrial Relations ("MO DOLIR") produce copies of: "all Quarterly Contribution and Wage Reports filed by Defendants Stone Mountain Manufacturing LLC and Apex Masonry Construction LLC for quarters ending in years 2022 and 2023."[2] Defendants Stone Mountain and Apex Masonry are each limited liability companies organized in the State of Missouri. Plaintiff states the purpose of serving the subpoena is to determine whether Quarterly Contribution and Wage Reports were filed by Defendants in the State of Missouri, because such reports would contain information on the identity and number of individuals employed by Defendants in each quarter of 2022 and 2023.[3]

## II.     Legal Standards

Federal Rule of Civil Procedure 45 directs that, on a timely motion, an issuing court must quash or modify a subpoena which "requires disclosure of privileged or other protected matter, if no exception or waiver applies."[4]

### A.     20 C.F.R. Part 603.

The United States Department of Labor requires States keep unemployment compensation ("UC") information "which reveals the name or any identifying particular about any individual or

---

[1] *See* Defs.' Answer, ECF No. 6, ¶¶ 5, 7, 48, and 49; Pl.'s Resp. to Third-Party Mot. to Quash Subpoena, ECF No. 34, p. 3, Ex. A.
[2] Notice of Intent to Issue Subpoena, ECF No. 30, Ex. A.
[3] Pl.'s Resp. to Third-Party Mot. to Quash Subpoena, ECF No. 34, p. 4.
[4] Fed. R. Civ. P. 45(c)(3)(A)(iii).

any past or present employer or employing unit agencies" confidential.[5] However, there are several exceptions to the confidentiality requirement.[6] One of those exceptions provides that "disclosure of confidential UC information in response to a court order is permissible as specified in § 603.7(b)."[7] Turning then to § 603.7(b)(1), that subsection provides that disclosure is permissible where "a well-established pattern of prior court decisions have required disclosure."[8]

  **B. Section 288.250 RSMo.**

DES has the responsibility for the administration of the Missouri Employment Security Law, including record keeping. Pursuant to that responsibility, Section 288.250 RSMo. requires "[i]nformation obtained from any employing unit or individual pursuant to the administration of this law shall be held confidential and shall not be published." The Missouri statute allows disclosure of such documents only in very limited circumstances, namely, to individuals and employing units for the purposes of preparation or appealing determination of benefits and to public officials in the performance of their public duties.[9]

**III. Analysis**

When federal law governs, privileges recognized by federal rule are controlling.[10] In this case, Plaintiff brings her claims pursuant to federal law under Title VII. This Court therefore has original (federal question) jurisdiction. Accordingly, federal law governs whether the records sought in the subpoena are privileged and whether federal law provides for the disclosure of the

---

[5] *See* 20 C.F.R. § 603.4.
[6] 20 C.F.R. § 603.5.
[7] *Id.* § 603.5(h).
[8] *Id.* § 603.7(a) generally requires a state agency to "file and diligently pursue a motion to quash" if a subpoena or other compulsory process is served upon the state agency, and only if such motion is denied may the requested confidential UC information be disclosed. However, in those situations set out in § 603.7(b), the state agency is not even required to pursue a motion to quash.
[9] Mo. Rev. Stat. § 288.250.
[10] Fed. R. Evid. 501; *Hughes v. Amarr Co.*, No. 18-CV-2691-JAR-ADM, 2019 WL 2501863, at *2 (D. Kan. June 17, 2019).

documents under any exception or other circumstances.[11] DES fails to provide any support for its claim that Missouri State Law, specifically Section 288.250 RSMo., creates a privilege for UC records under federal law. "Indeed, courts analyzing this issue," including in this District, "have declined to recognize a new federal common law privilege applicable to UC records."[12] Thus, this Court need only analyze DES's claim of privilege regarding the UC records subpoenaed here under federal law.[13]

Plaintiff served a request on Defendants for "[c]opies of all Kansas Quarterly Wage Reports & Unemployment Tax Returns (Form K-CNS 100) filed by Defendant for quarters ending in years 2022 and 2023."[14] Defendants failed to produce any Kansas Quarterly Wage Reports & Unemployment Tax Return documents relating to Defendant Stone Mountain.[15] Plaintiff then sought to determine whether Quarterly Contribution and Wage Reports were filed with the State of Missouri on behalf of any Defendant. Plaintiff asserts, "If Defendants prepared and filed Quarterly Contribution and Wage Report[s] with MO DOLIR, [they] would contain information on the identity and number of individuals employed by Defendants in each quarter of 2022 and 2023."[16] The Court finds Defendants' 2022 and 2023 Quarterly Contribution and Wage Reports are clearly relevant to Plaintiff's claims and Defendants' defenses, as they are likely to include

---

[11] *Achee-Sharp v. Lenexa Real Estate Portfolio Partners, LLC*, No. 19-CV-2100-KHV-TJJ, 2020 WL 5747910, at *1 (D. Kan. Sept. 25, 2020) ("In a federal question case, the court must apply federal common law, rather than state law, regarding evidentiary privileges.").

[12] *Hughes*, 2019 WL 2501863, at *2.

[13] *IBEW-NECA Ret. Plan v. Strickland & Sons Elec., LLC*, No. 4:12-cv-2106-SNLJ, 2014 WL 988473, at *2 (E.D. Mo. Mar. 13, 2014) (declining to analyze whether Section 288.250 RSMo. creates a privilege when "federal law governs whether the records sought in the subpoena are privileged and whether federal law provides for the disclosure of the documents under any exceptions or other circumstances.").

[14] Pl.'s Response to Third-Party Mot. to Quash Subpoena, ECF No. 34, ¶ 12.

[15] In her Supplement/Correction to Pl.'s Response to Third-Party Mot. to Quash Subpoena, Plaintiff acknowledges that Defendant Apex Masonry has produced at least one such report. *See* Supplement/Correction to Pl.'s Response to Mot. to Quash Subpoena, ECF No. 35, ¶ 2.

[16] Pl.'s Response to Third-Party Mot. to Quash Subpoena, ECF No. 34, ¶ 14. DES's Quarterly Contribution and Wage Report explicitly requires employers "for each month, enter the number of covered workers who worked or received pay for the period that includes the 12th of the month." *Id.* at Ex. C.

information pertinent to whether Defendants are "employers" under Title VII and whether Defendants were joint employers of Plaintiff.[17] The 2022 and 2023 Quarterly Contribution and Wage Reports are therefore discoverable under Fed. R. Civ. P. 26(b)(1).[18]

DES argues "[t]here is nothing on the face of the subpoena indicating that the request falls within the exceptions contained in Federal law" and the "subpoena is, therefore, defective."[19] However, confidential UC information may be disclosed in response to a court order where a "well-established pattern of prior court decisions have required disclosures of this type."[20] Indeed, there is such "a well-established pattern of prior orders in this District that have required [production] of unemployment documents relating to one or more parties in this case."[21] Therefore, the Court finds disclosure of the UC documents is authorized by law. The Court overrules DES's objections and orders DES to produce the 2022 and 2023 Quarterly Contribution and Wage Reports of Defendants Stone Mountain and Apex Masonry, pursuant to the subpoena.

The Court further notes that any remaining privacy and confidentiality concerns of DES can be addressed by the Protective Order already entered in this case (Doc. 13). Plaintiff, in her

---

[17] *See* 42 U.S.C. § 2000e (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . .").

[18] *See, e. g.*, *IBEW-NECA Ret. Plan*, 2014 WL 988473, at *3 (denying motion to quash where UC "records sought would allow [the plaintiff] to determine the amount of damages due from the defendants"); *Kelley v. Billings Clinic*, No. CV 12-74-BLG-SHE-SCO, 2013 WL 2422705, at *4 (D. Mont. June 3, 2014) (denying motion to quash where "it appear[ed] that the [UC] information sought [was] discoverable under Fed. R. Civ. P. 26(b)(1)"); *Cahoo v. SAS Inst., Inc.*, 377 F. Supp. 3d 769, 775 (E.D. Mich. 2019) (denying motion to quash where UC information sought "falls squarely within the permissible scope of discovery defined by Rule 26(b)(1)"); *Lancaster v. Bd. of Police Comm'rs*, No. 14-00171-CV-W-BP, 2015 WL 13807566 (W.D. Mo. May 7, 2015) (denying motion to quash when "disclosure of the requested documents from DES for the purposes of assessing damages is proper and authorized by law").

[19] Mot. to Quash Subpoena, ECF No. 33, ¶ 6.

[20] *See* 20 C.F.R. § 603.5 and 603.7(b)(1).

[21] *Hughes*, 2019 WL 2501863, at *1 (citing *Meier v. Shawnee Mission Med. Ctr.*, No. 18-2368-JWL-KGS (D. Kan. Mar. 1, 2019), ECF No. 36; *Mendoza v. Preco, Inc.*, No. 17-2565-DDC-GEB (D. Kan. May 4, 2018), ECF No. 29; *McDaniel v. Allstate Inc. Co.*, No. 17-2427-JAR-GEB (D. Kan. Feb. 23, 2018), ECF No. 31; *Odhuno v. Reed's Cove Health & Rehab, LLC*, No. 15-1347-EFM-GEB (D. Kan. Sept. 6, 2016), ECF No. 63; *Guaetta v. Compass Grp. USA, Inc.*, No. 10-2487-JTM-HMH (D. Kan. Apr. 20, 2011, ECF No. 40; *White v. Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM-GLR (D. Kan. Jan. 10, 2008), ECF No. 37).

response, indicated she would agree to designate the documents produced by DES as confidential under the Protective Order.[22] The Court will therefore order that the UC documents produced pursuant to the subpoena be designated as confidential, pursuant to the provisions of the Protective Order in this case. Such designation shall limit the disclosure, dissemination, and use of the UC documents outside of this litigation and require the parties "take reasonable efforts to prevent unauthorized disclosure of documents designated as containing Confidential Information."[23]

**IT IS HERBY ORDERED** that Third-Party Missouri Division of Employment Security's Motion to Quash Subpoena is DENIED. Missouri Division of Employment Security must produce documents responsive to items 1 and 2 of Plaintiff's Subpoena, namely the 2022 and 2023 Quarterly Contribution and Wage Reports of Defendants Stone Mountain Manufacturing LLC and Apex Masonry Construction LLC.

**IT IS FURTHER ORDERED** that all documents produced by DES pursuant to the subject Subpoena shall be designated/marked as confidential and produced in accordance with the terms of the Protective Order herein.

IT IS SO ORDERED.

Dated: May 12, 2025, in Kanas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[22] Pl.'s Response to Third-Party Mot. to Quash, ECF No. 34, ¶ 22.
[23] Protective Order, ECF No. 13, ¶ 6(c).